Judge Mills
delivered the Opinion qf the Court.
This is a bill in chancery, with an injunction enjoining the sale of property seized by execution, the complainants Claiming a complete legal title'thereto, and insisting that the execution, which is against a third person, cannot operate on the estate.
The court below perpetuated the injunction; to reverse which decree this writ of error is prosecuted.
By a train of decisions, this court has settled the question of the jurisdiction of the Chancellor, over such cases; and it is established as a general rule, that where the remedy at law is complete, law must he resorted to; and, for this reason, the Chancellor ought not to interfere. If exceptions exist to this principle, they must he based upon some strong impediments to tho remedy at law. Tho bare suggestions or allegations that the chattels or slaves seized and sold, may be dispersed in different hands, whereby numerous suits may bo produced, or that the articles sold may be removed or carried off, are not sufficient to give jurisdiction to the Chancellor. These suggestions are here relied on, and cannot, therefore, prevail.
But it is insisted, that the complainants in this case are trustees, holding the legal estate, for the use and benefit of the wife and children of tho defendant in the execution, and that their character as trustees forms an exception to the general rule. It is hard to sustain the exception by the character or office of the party. Trustees, as to all strangers, are armed with legal powers^ rights and remedies, *21 equally with other plaintiffs, and therefore they, as well as others, ought to be compelled to use those remedies. It would be extending to them exclusive privileges, to permit them to have an unconditional election of courts, while others are confined to one. It is true that trusts are said to be one of the departments in the jurisdiction of the chancellor, and all controversies between the trustee and cestuy que trust, or those -claiming under the latter, m.ay be brought generally in, a court of chancery. The cestuy que trust, for the want of a legal right, must sue in equity, and on the contrary the trustee may do it, when he has a controversy with his cestuy que trust, in many cases. But these principles do not apply between the trustee and strangers. Hence it will be found, that most of the authorities cited in this case, and earnestly pressed, apply to cases between the trustee and cestuy que trust, or those claiming under them, and not between trustees and strangers to, or opposers of, the trust.
The opinion in McGihty vs. I-Iaggin, 2 Bibb 256, was not the final decision, and on this point; is not law.
Among these cases the case of McGinty’s administrators vs. Haggin &c. 2 Bibb, 265, has been cited, as it frequently is, to support the jurisdiction of the chancellor. To this case is opposed the subsequent train of decisions to which we have alluded. That stands as a solitary case long since overruled. Besides, the supposed authority of that case is shaken by a circumstance not mentioned by the reporter. It was re-heard, and afterwards went off on another point; so that the rights of even the parties to that suit were not settled by the doctrines there advanced; and still the first decision, which was afterwards set aside, found its way into the book of reports, and stands there as the final determination, and the last opinion was never published. The doctrines there advanced were immediately thereafter departed from, and never had any effect, even in the suit in which they were delivered.
We cannot, therefore, extend to these complainants, in this controversy between them and creditors by judgment and execution, the privilege of protecting their claims by resorting; to a court of equity, merely because they are trustees, while other *22 parlies in their situation are turned round to a court of law.
Robertson for plaintiff; Montgomery for defendants.
The decree must, therefore, be reversed, with costs; and the cause be remanded, with directions to the court below, to dissolve the injunction, and dismiss the bill with costs.